**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| **PALANTIR.NET, INC.,** an Illinois corporation, | |
| Plaintiff, | No. 12 C 02930 |
| v. | The Honorable Edmond E. Chang<br>Magistrate Judge Susan E. Cox |
| **ZOPEO INC.,** a foreign corporation, | |
| Defendant. | |

## ORDER

**THIS MATTER** coming before the Court on Plaintiff Palantir.net, Inc.'s ("Palantir") Motion for Entry of Default and Permanent Injunction, the Court finds and orders as follows:

1. Plaintiff has brought this trademark infringement suit against Defendant Zopeo, Inc. ("Zopeo"), a New Delhi, India-based company. Palantir creates and supports websites for its clients. On March 24, 2012, Palantir's CEO, George DeMet, learned that Zopeo's website, Zopeo.com, was displaying Palantir's "bullet" logo and its "spaceship and design" mark, both of which are registered trademarks. Zopeo's site also stated that its physical address was the one that Palantir actually uses. The website stated that Zopeo was a "global white pages" providing a "comprehensive people search on the web."

2. Palantir moved for and was granted a preliminary injunction on May 24, 2012. Prior to entry of the preliminary injunction, the Court inquired and determined that personal jurisdiction over Zopeo was proper. The Court also determined and ordered that service be made via the Hague Convention.

3. After twelve months of unsuccessful efforts to secure the cooperation of the local Indian authorities, this Court entered an Order permitting Palantir to serve Zopeo by alternative means. Service thereafter was properly affected by alternative means on the two

individuals identified by the Internet Service Provider as Zopeo's principals by both Internet and overseas courier service.

  4. Despite receiving numerous copies of the complaint, preliminary injunction and numerous prior court orders, including this Court's Order of April 2, 2013 which set this matter for a hearing on Palantir's Motion for Default Judgment and Permanent Injunction in the event Zopeo did not appear at the next status date of May 6, 2013, Zopeo has refused to appear and defend its actions in this Court.

  5. Having failed to appear despite notice, Zopeo is now found to be in default on all counts of the Complaint.

  6. For much the same reasons set forth in this Court's preliminary injunction order of May 24, 2012, this Court expressly finds that:

    a. Palantir has shown that it has suffered irreparable harm by reason of Zopeo's use of Palantir's marks, namely, the bullet logo and the spaceship-and-design logo, copies of which are attached as Exhibits A and B. As is well-recognized in this Circuit, unauthorized use by a defendant of a plaintiff's mark constitutes irreparable harm. *International Kennel Club of Chicago, Inc. v. Mighty Star, Inc.*, 846 F.2d 1079, 1092 (7th Cir. 1988). In addition, actual confusion has been shown and provided the basis, in part, for this Court's grant of the preliminary injunction.

    b. Palantir has also shown that it has no adequate remedy at law as it has shown that monetary damages will not suffice for the harm shown.

    c. Palantir has shown that the balance of harm tips decisively in its favor, as Zopeo is fully capable of continuing its business so long as it does not infringe Palantir's marks or use Palantir's address, and thereby not confuse the public.

   d.  The public interest is not disserved by entering this injunction as it is in the interest of the public to enforce trademark laws and to avoid confusion.

**WHEREFORE**, this Court orders as follows:

1. Defendant Zopeo, Inc., and its officers, owners, agents, servants, employees, attorneys and any other persons who are in active concert or participate with Zopeo, are hereby barred from engaging in the following acts:

   a.  Zopeo shall not use the bullet logo or spaceship-and-design mark or confusingly similar marks;

   b.  Zopeo shall not represent that it has the same physical address as Palantir; and

   c.  Palantir's bond is to be refunded.

**ENTER:**

*/s/ Edmond E. Chang*

_____
JUDGE

Date: May 6, 2013

Thomas D. Rosenwein
**Glickman, Flesch & Rosenwein**
230 West Monroe Street, Suite 800
Chicago, Illinois 60606
(312) 346-1080
TRosenwein@lawggf.com